IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-00603-CV-W-SRB |
| LANKFORD ENTERPRISES, INC., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion to Amend Judgment (Doc. #66) and Defendant's Motion to Amend Judgment (Doc. # 68). For the reasons stated below, Plaintiffs' Motion to Amend Judgment (Doc. #66) is GRANTED and Defendant's Motion to Amend Judgment (Doc. #68) is DENIED.

On November 5, 2021, the Court denied Defendant's motion for summary judgment and granted summary judgment in favor of Plaintiffs, ruling that the relevant agreements between the parties obligated Defendant to contribute to various pension funds on behalf of its union and non-union employees and awarding Plaintiff money. (Doc. #65.) The relevant facts, background, and allegations are discussed in detail in that Order and the Court need not repeat them here. Defendant now moves the Court to reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e). The parties' arguments are addressed below.

I. **LEGAL STANDARD**

"[A] court has the power to revisit its prior decisions when the initial decision was clearly erroneous and would work a manifest injustice." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1288 (8th Cir. 1998) (internal quotations and citations

omitted). Fed. R. Civ. P. 59(e) allows a party to move "to alter or amend a judgment" if filed "no later than 28 days after the entry of judgment." "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) has a "narrow aim" which allows a district court "to rectify its own mistakes in the period immediately following the entry of a judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S.445, 451 (1982). District courts enjoy broad discretion to alter or amend judgments under Rule 59(e) unless there are clear erroneous factual findings or erroneous legal conclusions. *Matthew v. Unum Life Ins. Co. of America*, 639 F.3d 857, 863 (8th Cir. 2011). However, "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

## II. DISCUSSION

### 1. Defendant's Motion to Amend Judgment

The Court will first address Defendant's motion. Defendant argues that the Court's Order awarding summary judgment to Plaintiffs was improper because: (1) the Court misinterpreted the Eighth Circuit's holding in *Nesse as Trustees of Minn. Laborers Health & Welfare Fund v. Green Nature-Cycle, LLC*, 7 F.4th 769, 776 (8th Cir. 2021); (2) the Court improperly considered extrinsic evidence in interpreting the relevant agreements; (3) the Court did not properly consider its windfall argument; and (4) the Court failed to consider the appropriate measure of damages. Plaintiff opposes the motion.

#### A. "Employees"

Defendant argues that the Court misapplied Eighth Circuit law in analyzing the language of the relevant agreements at issue. Defendant argues that *Nesse* is inapplicable here because the

2

language at issue in *Nesse* explicitly stated the employer's obligation to contribute on behalf of its non-union members. Defendant is correct in that the agreement at issue in *Nesse* contained different terms; however, this does not prevent the application of the Eighth Circuit's reasoning to the facts at hand. Here, the relevant agreements clearly conferred unique meanings on the terms "employee" and "[union] member." As the Court found "employee is not synonymous with union member," the Court did not commit a manifest error of law in finding that the relevant agreements did not limit Defendant's obligation to contribute to union members only. *Nesse*, 7 F.4th at 776 (8th Cir. 2021).

### B. Extrinsic Evidence

Defendant argues that the Court did not find the relevant agreements to be ambiguous and therefore relied improperly relied on extrinsic evidence in interpreting the language at issue. Defendant misunderstand the Court's Order. Defendant is correct in that the Court found that the language of the relevant agreements unambiguously indicates that the terms union member and employee and not synonymous, as discussed above. (Doc. #65, pp. 7–9.) However, the agreements limit Defendant's obligation to contribute to only employees covered by the agreements. In determining what makes an employee covered by the agreement, the Court stated that:

> The jurisdictional clauses in the [the agreements state that] the Union has jurisdiction over 'that work which has been historically and traditionally been performed heretofore by members of [the Union]' in the geographical area. The CJAs and CBAs do not define what work has been 'historically and traditionally' performed and do not mention the phrase elsewhere.

(Doc. #65, pp. 9–10) (citations omitted). Although the Court did not explicitly state that the agreements' phrase "work which has been historically and traditionally performed" is reasonably open to more than one interpretation, the Court denoted the term is ambiguous. *Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 111 F.3d 588, 590 (8th Cir. 1997) ("An ambiguity

3

exists when a contract is susceptible to more than one reasonable interpretation"). Only then did the Court turn to the Union's Constitution, which was referred to by both parties and is proof of "known customs and usages" in the industry. *M & G Polymers USA, LLC v. Tackett*, 574 U.S. 427, 439 (2015). Therefore, the Court did not commit a manifest error of law in considering extrinsic evidence

**C.  Windfall**

Defendant argues that the Court did not properly consider its argument that any contributions to Plaintiffs would be an improper windfall, as set out in *Agathos v. Starlite Motel*, 977 F.2d 1500 (3rd Cir. 1992). "As a general rule, an employer is liable for fund contributions on behalf of all employees covered by a facially valid collective bargaining agreement, regardless of whether the employees actually collect benefits." *Id*. at 1506.

However, in *Agathos* the Third Circuit found that the plaintiffs were partially at fault for the missing contributions: "[n]owhere does the record suggest that the [plaintiffs] even attempted to satisfy their basic fiduciary obligations under ERISA to identify the employees and apprise them of their status and rights under the plans." *Id*. at 1507. The plaintiffs "own bad behavior . . . prevented the employees from seeking benefits . . . [and] dictated a different outcome. Because the funds' dereliction of their fiduciary obligations 'rendered ineffectual' any benefits coverage, the Third Circuit reasoned, the employer should not have to pay contributions that would award the funds a 'pure windfall.'" *D.A. Nolt, Inc. v. Local Union No. 30*, 143 F.Supp.3d 229, 239 n.6 (E.D. Pa. 2015) (citing *Agathos*, 977 F.2d at 1507–8).

Unlike cases following *Agathos*, here, Defendant has not submitted any evidence that "plaintiffs have made no effort to perform their fiduciary obligations on behalf of [the] employees." *Cement Masons Health and Welfare Tr. Fund for N. California v. Stonhard, Inc.*,

4

No. C-92-3306-VRW, 1993 WL 165625, at *1 (N.D. Cal. May 11, 1993). "The outcome in *Agathos* is the exception, not the rule." *D.A. Nolt*, 143 F.Supp.3d at 239 n.6. Defendant "does not allege that the union benefits funds have abrogated their duties or committed any malfeasance in their request for the unpaid contributions. *Agathos* is therefore inapposite." *Id*. Thus, the Court did not commit a manifest error of fact or law.

### D. Damages

Defendant argues that the Court improperly failed to analyze the method used by Plaintiffs to calculate damages. However, Defendant failed to raise any arguments regarding Plaintiffs' damages calculations on summary judgment, and therefore, cannot bring them here. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (A Rule 59(e) motion "cannot be used to . . . tender new legal theories or raise arguments which could have been offered or raised prior to entry of judgment"). Defendant does not explain why it could not have raised this argument at the summary judgment stage; therefore, the Court finds that raising this argument for the first time on a Rule 59(e) motion is improper.

Even if the Court could properly consider Defendant's argument, the Court finds that Plaintiffs met their burden under Section 515 of ERISA, 29 U.S.C. § 1145. Defendant has a statutory duty under ERISA to maintain records of the hours worked by employers to allow the calculation of benefit contributions due. 29 U.S.C. § 1059(a)(1). "[O]nce the [Plaintiffs] prove both that [Defendant] performed some covered work and that [Defendant] failed to keep adequate records, the burden shifts to [Defendant] to come forward with evidence of the extent of covered work performed by its [employees]." *Operating Engineers Pension Trusts v. B & E Backhoe, Inc.*, 911 F.2d 1347, 1354 (9th Cir. 1990). "Because [Defendant] failed to come forward with any evidence of how many hours of covered work its [employees] performed, the

5

trusts were entitled to recover for contributions for all hours actually worked by [the employees] during the [time period] in which they were shown to have performed some covered work." *Id*. (citations omitted).

Here, neither party disputes that Defendant performed some covered work. Additionally, Plaintiffs presented deposition testimony that Defendant's records were inadequate to conduct a fully accurate audit of owed contributions. Because Defendant did not show evidence of how many hours its employees worked, Plaintiffs were entitled to recover for all hours actually worked during the audit period. As only Plaintiffs submitted evidence regarding the applicable rate and appropriate calculations of damages, the Court did not commit a manifest error of fact or law. Accordingly, Defendant's Motion to Amend Judgment (Doc. #68) is denied.

### 2. Plaintiffs' Motion to Amend Judgment

Plaintiffs also move to amend the Court's summary judgment order. In the summary judgment briefing, Plaintiffs stated that they were unable to calculate the amount of contributions owed to Plaintiff St. Louis-Kansas City Carpenters Regional Annuity Fund ("the Annuity Fund"). Accordingly, the Court ordered additional briefing. In support of the pending motion, Plaintiffs state that Defendant has not produced the documents necessary to calculate the unpaid contributions and they do not wish to revert to the discovery phase to obtain such documents. Plaintiffs argue that the interests of the parties would be better served to amend the Court's summary judgment by removing the directive that the parties brief the issues of contributions owed to the Annuity Fund. Defendant does not oppose this portion of the motion. Upon review, Plaintiffs' request is granted.

Plaintiffs also request that the Court dismiss Count II of its complaint without prejudice. Defendant argues that Plaintiffs improperly raised this point in their Reply and should be

directed to file a motion to amend the complaint. Defendant further argues that Plaintiffs' failure to dismiss Count II earlier in the litigation prejudiced Defendant, entitling Defendant to attorney's costs and fees related to the briefing and discovery done relating to Count II. The Court finds that these arguments are more appropriately brought in a motion to amend the complaint pursuant to Federal Rule of Civil Procedure Rule 15. Accordingly, Plaintiffs' request to dismiss Count II of its complaint is denied without prejudice.

### III.   CONCLUSION

For these reasons, Defendant's Motion to Amend Judgment (Doc. # 68) is **DENIED**, and Plaintiffs' Motion to Amend Judgment (Doc. #66) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' motion is granted insofar as the Court's Order granting summary judgment in favor of Plaintiffs (Doc. #65) is **AMENDED** to remove the directive that the parties brief the issue of contributions owed to Plaintiff St. Louis-Kansas City Carpenters Regional Annuity Fund. Plaintiffs' motion is denied insofar as Plaintiffs' request to dismiss Count II of its complaint is denied without prejudice.

**IT IS SO ORDERED.**

/s /Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>January 3, 2022</u>